## Patterson v. Patterson

*H. Vance Cottom*, for libellant.

CARR, J., August 31, 1942.—The record in this suit for divorce must be remitted to the master for the reasons following:

1. Proof of notice to respondent of the master's hearing is lacking. Although there is attached to the master's report an acknowledgment of notice of the hearing purporting to have been signed by respondent, there is no evidence that the signature is his.

2. An affidavit setting forth facts showing that respondent is not in military service is lacking.

Section 200(1) of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, 50 U. S. C. 520, provides:

"In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service."

The word "any" in the expression "default of any appearance" applies to every part of the proceeding: In re Cool's Estate, 19 N. J. Misc. 236, 18 A. (2d) 714.

Obviously, defendant's failure to appear at any particular stage of the case, even if he has appeared at others, may have been due to his military service. Therefore, where a defendant in military service has not completely submitted himself to the jurisdiction of the court, as by the entry of a general appearance, the judgment cannot foreclose his rights if by reason of military service he was prejudiced in making his defense.

It should also be noted that the act of assembly of this Commonwealth approved May 17, 1921, P. L. 869, sec. 50, 51 PS §77, which is not in conflict with the act of Congress, exempts from civil process any officer or enlisted man of the Pennsylvania National Guard in the active service of the Commonwealth or of the United States.

In the present proceeding service of the libel was by publication, and respondent never appeared in any manner. The master found as a fact that "the respondent was not in military service at the time the

divorce action was instituted and the hearing held", but, as he states, he arrived at this conclusion solely on the strength of (1) a letter dated January 16, 1942, at Painesville, Ohio, addressed to libellant's attorney and purporting to have been signed by respondent (which writing the master inadvertently admitted without authentication), and (2) the purported acknowledgment of notice of the master's hearing, mentioned above, dated June 30, 1942. Yet neither of these unsubstantiated writings referred to military service directly or indirectly or contained a single statement of fact that sheds any light whatever on the question of respondent's status, military or civil. Even if it is true that he was at Painesville on one or more occasions, his mere presence there at any time can hardly warrant the inference that he was not in military service.

By the terms of the Federal act, a judgment prejudicing a defendant absent in military service may be opened, stayed, or vacated. It is, therefore, important that the required affidavit always be made as nearly as possible contemporaneously with the making and entry of the decree, and that it set forth facts (not merely conclusions) relating to the military service of respondent from the commencement of the action to the prospective date of the decree, including the period between the close of the testimony and the expiration of the 15 days allowed for the filing of exceptions to the master's report. Only then will decrees import that finality to which all parties are entitled.

### Order

And now, August 31, 1942, the record is remitted to the master for further proceedings not inconsistent with the opinion herewith filed.